1                  UNITED STATES DISTRICT COURT
2                  DISTRICT OF PUERTO RICO
3
4

RAMON CARRASCO-CARRASCO,

       Petitioner,                      Civil No. 12-1255 (JAF)

       v.                           (Crim. No. 07-208-JAF-3)

UNITED STATES OF AMERICA,

       Respondent.

5
6                         **OPINION AND ORDER**

7       Petitioner Ramón Carrasco-Carrasco ("Carrasco") comes before the court with a

8 motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed.

9 (Docket No. 1.)   The United States opposes his motion.   (Docket No. 7.)   For the

10 following reasons, we deny Carrasco's motion.

11                               **I.**

12                        **Background**

13       On May 23, 2007, Carrasco was indicted along with two co-defendants for

14 knowingly and intentionally possessing with intent to distribute five kilograms or more of

15 cocaine on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C.

16 §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(1), and 18 U.S.C. § 2 ("Count Two").   He was

17 also indicted for knowingly and intentionally conspiring to do the same, in violation of 46

18 U.S.C. §§ 70502(c)(1)(A), 70503(a)(1), 70504(b)(1), and 70506(b) ("Count One").

19 (Crim. No. 07-208, Docket No. 14.)   Before the indictment was formally handed down,

20 on May 17, 2007, each of the defendants was appointed counsel by the court.   (Crim.

21 No. 07-208, Docket No. 6.)   However, the defendants jointly retained one attorney to

22 represent them all.

1    The case was assigned to Judge Jay A. García-Gregory on May 31, 2007.  (Crim.

2    No. 07-208, Docket No. 24.)  On May 31, 2007, Magistrate Judge Bruce J. McGiverin

3    held a <u>Foster</u> Hearing as to Manolo Soto-Pérez ("Soto") and Carrasco, admonishing them

4    of the possible conflict of interest that can arise when represented by a shared attorney.

5    They chose to waive their right to an un-conflicted attorney.  (Crim. No. 07-208, Docket

6    No. 20.)   A second <u>Foster</u> Hearing was held on December 6, 2007, again before Judge

7    McGiverin.   Judge McGiverin once again told Carrasco about the possible conflict of

8    interest that may arise when sharing an attorney with his codefendants.  Again, Carrasco

9    decided to proceed with joint representation and signed an acknowledgement form.

10   (Crim. No. 07-208, Docket No. 83.).

11   The case was reassigned to the undersigned on March 17, 2008.  (Crim. No. 07-

12   208, Docket No. 100.)   The trial began May 19, 2008.   (Crim. No. 07-208, Docket

13   No. 140.)  On May 23, 2008, the jury announced its verdict that Carrasco was guilty on

14   both counts of the indictment.  (Crim. No. 07-208, Docket No. 149.)   Sentencing was

15   held on September 8, 2008, and judgment was entered the next day.  (Crim. No. 07-208,

16   Docket Nos. 165, 168.)

17   Carrasco immediately appealed.   (Crim. No. 07-208, Docket No. 171.)   On

18   December 1, 2010, the First Circuit entered judgment affirming Carrasco's conviction

19   and sentence.  (Crim. No. 07-208, Docket Nos. 190, 193, 196.)  On January 6, 2011,

20   Carrasco filed a petition for a panel rehearing/rehearing en banc.  (Court of Appeals

21   Docket No. 08-2289.)  On January 20, 2011,  the First Circuit denied the petition for a

22   panel rehearing/rehearing en banc.   (Court of Appeals Docket No. 08-2289.)   On

23   April 17, 2012, Carrasco filed the instant motion to vacate, set aside, or correct his

24   sentence under 28 U.S.C. § 2255.  (Docket No. 1.)

1            **II.**

2            **Jurisdiction**

3            We have jurisdiction to hear this case pursuant to 28 U.S.C. § 2255.  Carrasco is

4    currently in federal custody having been sentenced by this District Court.  To file a timely

5    motion, Carrasco had one year from the date his judgment became final.  28 U.S.C.

6    § 2255(f).  His judgment became final on the last day that he could have filed a petition

7    for a writ of certiorari, which was ninety days after the entry of the Court of Appeals'

8    judgment.   Sᴜᴘ. Cᴛ. R. 13(1); Clay v. United States, 537 U.S. 522 (2003).   On

9    January 20, 2011, the First Circuit denied his petition for a panel rehearing/rehearing en

10   banc.  (Court of Appeals Docket No. 08-2289, 08-2291.)  Therefore, Carrasco had until

11   April 19, 2012, to file his habeas petition.  Because he filed on April 17, 2012, his

12   petition is timely.  (Docket No. 1.)

13           **III.**

14           **Legal Analysis**

15           Carrasco makes several claims regarding ineffective assistance of counsel.

16   (Docket No. 1.)  To prove a claim of ineffective assistance of counsel, Carrasco must

17   show that both: (1) the attorney's conduct "fell below an objective standard of

18   reasonableness;" and (2) there is a reasonable probability that, but for counsel's

19   unprofessional errors, the result of the proceeding would have been different."  Strickland

20   v. Wash., 466 U.S. 668, 688-94 (1984).  As we detail below, Carrasco is unable to make

21   this showing.

22           First, Carrasco claims that his Sixth Amendment right to effective assistance of

23   counsel was violated because his lawyer had a conflict of interest in representing all three

24   co-defendants.  (Docket No. 1.)  However, the right to counsel of one's choosing includes

the right to choose counsel with a potential conflict of interest, so long as the court

conducts an inquiry to probe the circumstances and decides in its discretion to allow the

joint representation.  See Wheat v. U.S., 486 U.S. 153 (1988).  In such a case, the court

must,

> [c]omment on some of the risks confronted where defendants
> are jointly represented to insure that defendants are aware of
> such risks, and to inquire diligently whether they have
> discussed the risks with their attorney, and whether they
> understand that they may retain separate counsel, or if
> qualified, may have such counsel appointed by the court and
> paid for by the government .... If the court has carried out this
> duty of inquiry, then to the extent a defendant later attempts
> to attack his conviction on the grounds of conflict of interest
> arising from joint representation he will bear a heavy burden
> indeed of persuading us that he was, for that reason, deprived
> of a fair trial.

U.S. v. Foster, 469 F.2d 1, 5 (1972).  In Carrasco's case, there were two Foster hearings.

(Docket Nos. 14, 15.)  Judge McGiverin commented at length about the risks of joint

representation.   In the first hearing, Judge McGiverin mentioned that there could be

problems in terms of attorney/client privilege; that there could be conflicts that arise in

plea bargaining and deals with the government; and that there could be conflicts in

potential defense theories among the defendants.  He gave general examples of each.

Judge McGiverin reiterated that if the defendants could not afford counsel, the court

could appoint attorneys and that if any defendant decided at any point that he wanted a

separate attorney, he would be provided with one.  (Docket No. 14.)  In the second Foster

hearing, Judge McGiverin again discussed potential conflicts with general examples, and

then watched as Carrasco's attorney explained the waiver form in the Spanish language.

Judge McGiverin told Carrassco that "because of these possible conflicts of interest, the

Court recommends, strongly recommends, that you each receive individual attorneys,"

1    but Carrasco again chose to sign a waiver of his right to conflict-free counsel.  (Docket

2    No. 15 at 17.)  Given these very thorough hearings, Carrasco has not carried the "heavy

3    burden indeed of persuading us that he was, for that reason, [or any other valid reason

4    advanced], deprived of a fair trial."  See Foster, 469 F.2d at 5.

5             Second, Carrasco claims that he had ineffective assistance of counsel because his

6    attorney did not adequately and properly advise him with respect to the federal

7    sentencing guidelines and sentencing exposure.  (Docket No. 1.)  He claims that his

8    counsel should have advised him on how the drug quantities would be applied to

9    sentencing and how acceptance of responsibility would be applied.  (Docket No. 1 at 19.)

10   Carrasco waived this claim by failing to present a developed argument.  Cody v. United

11   States, 249 F.3d 47, 53 n.6 (1st Cir. 2001) (ineffective assistance of counsel claims raised

12   in a perfunctory manner in § 2255 proceeding are deemed waived).  Even if this claim

13   were not waived and were proven, however, an "attorney's inaccurate prediction of his

14   client's probable sentence, standing alone, will not satisfy the prejudice prong of the

15   ineffective assistance test."  United States v. LaBonte, 70 F.3d 1396, 1413 (1st Cir. 1995),

16   rev. on other grounds, 520 U.S. 751 (1997). Carrasco also claims that he had ineffective

17   assistance of counsel because his attorney did not adequately advise him about how his

18   sentence could be enhanced by testifying falsely.  (Docket No. 1 at 19.)  However, an

19   attorney does not need to engage in a cost-benefit assessment of perjury, because there is

20   no constitutional right to commit perjury.  See Nix v. Whiteside, 475 U.S. 157, 173

21   (1986).

22            Third, Carrasco claims that he had ineffective assistance of counsel because his

23   attorney did not pursue independent plea negotiations on behalf of petitioner.  (Docket

1    No. 1.)  This is connected to his claim that his counsel operated under a conflict of

2    interest, and is dismissed for the same reasons.

3         Fourth, Carrasco claims that his counsel was ineffective for stipulating as to the

4    drug type and quantity and for stipulating to the chain of custody of evidence during the

5    trial.  (Docket No. 1.)  However, it is left to counsel to make strategic decisions in trying

6    the case, and counsel's choice to forego weak arguments does not constitute ineffective

7    assistance of counsel.  See Jones v. Barnes, 463 U.S. 745 (1983).

8         Fifth, Carrasco claims that his counsel was ineffective for failing to procure

9    authenticated, exculpatory documents generated in a foreign nation to establish the

10   petitioner's defense.  (Docket No. 1.)  The alleged documents were related to Carrasco's

11   status as a fisherman, to ownership of the vessel, and to the vessel's nationality.  (Docket

12   No. 1 at 25.)  This fails to show ineffective assistance under the Strickland standard,

13   because it does not show a reasonable probability that, but for counsel's unprofessional

14   errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at

15   688-94.  The government presented ample other evidence of guilt: multiple videos and

16   photos of the boat idling in the water and then speeding towards the cocaine bales when

17   they were dropped; ion scans of cocaine residue on the skin and clothing of the

18   defendants; and testimony from the lieutenant who apprehended Carrasco.  (Docket No. 7

19   at 15.)  Further, the government actually conceded that Carrasco was a fisherman.

20   (Docket No. 7 at 16.)

21        Sixth, Carrasco claims that he had ineffective assistance of counsel because his

22   attorney promised the jury during opening statements that the defense would offer

23   exculpatory evidence and witnesses that the defense was then unable to produce during

24   the trial.  (Docket No. 1.)  Specifically, Carrasco cites to a quote from counsel's opening

1    statement where he promised a "pile of evidence" supporting Carrasco's innocence.

2    (Docket No. 1 at 27.)   A citation to this stray piece of puffery fails to demonstrate

3    ineffective assistance under the <u>Strickland</u> standard, because it does not show a

4    reasonable probability that, but for the remark, the result of the proceeding would have

5    been different.  <u>Strickland</u>, 466 U.S. at 688-94.

6          Seventh, Carrasco claims that he had ineffective assistance of counsel because

7    counsel did not call a material witness to testify on Carrasco's behalf.  (Docket No. 1.)

8    The witness allegedly would have testified that he, rather than Carrasco, owned the boat.

9    (Docket No. 1 at 31.)  Yet, there was testimony from the Coast Guard that the individuals

10   on the ship failed to respond to multilingual inquiries about the ship's nationality and that

11   there was no evidence of nationality on board.  (Docket No. 7 at 19.)  Therefore, the court

12   determined that it was empowered with jurisdiction over this boat.  (Docket No. 7 at 19.)

13   Carrasco's claim fails to meet the <u>Strickland</u> standard, because Carrasco has failed to

14   show a reasonable probability that, but for this missing witness, the result of the

15   proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 688-94.

16         Finally, Carrasco claims ineffective assistance of counsel because his lawyer

17   would not work with him after the First Circuit Court of Appeals issued its decision

18   affirming Carrasco's conviction.  (Docket No. 1.)  However, the right to counsel extends

19   only to the first right of appeal.  <u>Wainright v. Torna</u>, 455 U.S. 586 (1982).

20                                        **IV.**

21                           <u>**Certificate of Appealability**</u>
22

23         In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

24   issuing a denial of § 2255 relief we must concurrently determine whether to issue a

25   certificate of appealability ("COA").  We grant a COA only upon "a substantial showing

1 of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing,

2 "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

3 assessment of the constitutional claims debatable or wrong."  <u>Miller-El v. Cockrell</u>, 537

4 U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  While

5 Carrasco has not yet requested a COA, we see no way in which a reasonable jurist could

6 find our assessment of his constitutional claims debatable or wrong.  Carrasco may

7 request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure

8 22.

9 **V.**

10 <u>**Conclusion**</u>

11      For the foregoing reasons, we hereby **DENY** Carrasco's § 2255 motion (Docket

12 No. 1).  Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary

13 dismissal is in order because it plainly appears from the record that Carrasco is not

14 entitled to § 2255 relief from this court.

15      **IT IS SO ORDERED.**

16      San Juan, Puerto Rico, this 14th day of February, 2014.

17                                          <u>S/José Antonio Fusté</u>
18                                          JOSE ANTONIO FUSTE
19                                          U. S. DISTRICT JUDGE